IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHRISTOPHER JASON BURROUGH,**                                 **PETITIONER**

**v.**                                                                                   **No. 4:09CV117-A-S**

**WARDEN RAYFORD HORTON, ET AL.**                               **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Christopher Jason Burrough for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, all the claims in the instant petition, save one, will be dismissed. The final issue, failure of counsel to inform the petitioner of his right to appeal the legality of his sentence, will require more briefing by both parties. The briefing schedule will be set by separate order.

**Facts and Procedural Posture**

Christopher Jason Burrough is in the custody of the Mississippi Department of Corrections and currently housed at the Issaquena County Correctional Facility. He pled guilty to burglary of a dwelling in the Circuit Court of Carroll County, Mississippi. State Court Record, (S.C.R.), Vol. 1, pg. 41. Burrough was sentenced on this conviction to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. S.C.R., Vol. 1, pg. 64.

Burrough filed a "Motion to Vacate Judgment and Sentence," in the Circuit Court of Carroll County, Mississippi, under Mississippi's Uniform Post-Conviction Collateral Relief statute, Miss. Code Ann. §99-39-1, *et seq*. S.C.R., Vol. 1, pg. 68. In that motion, Burrough raised the following grounds for relief (as stated by Petitioner *pro se*):

> I. Trial court breached the plea agreement making Petitioner's plea of guilty involuntarily given.
>
> II. Trial court imposed a disproportionate sentence.

Burrough never brought that motion before the trial court for a ruling; indeed, even the certificate of service on this pleading does not indicate that Burrough ever sent a copy to the Circuit Court Judge. S.C.R., Vol. 1, pg. 81.

On May 8, 2007, Burrough filed a "Motion to Post-Conviction Relief to Vacate and Set Aside Conviction and Sentence,"(PCR) in the Circuit Court of Carroll County, Mississippi, raising the following grounds for relief (as summarized by the court):

> A. The petitioner's due process rights were violated because the trial court failed to consider the factual basis of the guilty plea and counsel was ineffective for failing to object to this fact.
>
> B. The petitioner's due process rights were violated when the trial court failed to advise Burrough that he could appeal his sentence to the Mississippi Supreme Court and counsel was ineffective for failing to bring this error to the court's attention.
>
> C. The petitioner's due process rights were violated when the trial court imposed a greater sentence than that in the plea recommendation and did not allow the petitioner to withdraw his guilty plea when faced with the higher sentence. Counsel was ineffective in failing to object to this.
>
> D. Cumulative errors require reversal of the petitioner's conviction and sentence.

S.C.R., Vol. 1, pg. 91.

On January 7, 2008, Burrough filed a "Petition[] for Writ of Mandamus or For to Show Cause," asking the Mississippi Supreme Court to order the Circuit Court of Carroll County to rule on his PCR, which was docketed as Mississippi Supreme Court Cause No. 2008-M-0034. Exhibit A. On February 1, 2008, the Circuit Court of Carroll County, Mississippi filed a "Response to

Petition for Writ of Mandamus." In that response, the trial court noted that, with regard to the August 29, 2006, PCR, "[t]his Court has no record or recollection of receiving this motion and the docket reflects that no action was taken." *Id.* The trial court went on to state that the May 8, 2007, petition was "substantially the same motion," and that "[t]his Court does recall receiving and examining this second motion." *Id.* The trial judge indicated that the May 2007 petition had been ruled on shortly after its receipt. However, since no copy of the order could be found, the trial court filed, with his response to the mandamus, a copy of an order finding Burrough's May 2007 PCR to be without merit and denying post-conviction collateral relief. On May 13, 2008, the Mississippi Supreme Court entered an order recognizing the trial court's denial of Burrough's PCR and dismissing his petition for a writ of mandamus as moot.

On February 13, 2008, Burrough filed a "Notice of Appeal" in the Mississippi Supreme Court appealing the trial court's denial of his May 2007 PCR. This appeal was filed in the same cause number as Petitioner's mandamus action, Cause No. 2008-TS-0034. In his appellate brief, Burrough raised the following grounds for relief (as summarized by the court):

> Issue One: Petitioner was denied due process of law when the trial court failed to consider the factual basis of Petitioner's guilty plea and defense counsel was ineffective for failing to object to this.
>
> Issue Two: Petitioner was denied due process of law when the trial court failed to advise Burrough that he could appeal the sentence imposed pursuant to his guilty plea and defense counsel was ineffective for failing to bring this error to the court's attention.
>
> Issue Three: Petitioner was denied due process of law when the trial court rejected the plea recommendation and imposed a greater sentence under the mistaken belief that there was no plea recommendation and not allowing Petitioner to withdraw his guilty plea before imposing the greater sentence. Defense counsel was ineffective for failing to object.

Issue Four:   The cumulative error in this case requires reversal.

The Mississippi Supreme Court found that Burrough's allegations were without merit and affirmed the trial court's denial of Petitioner's state court PCR. *Burrough v. State*, 9 So.3d 368 (Miss. 2009), *reh'g. denied* June 4, 2009 (Cause No. 2008-CP-00034-SCT).

In his federal petition for a writ of *habeas corpus*, Burrough raises the following grounds for relief (as summarized by the court):[1]

> Ground One:   The trial court erred in failing to find that a due process violation occurred when the guilty plea was accepted without consideration of the factual basis of the guilty plea.
>
> Ground Two:  The trial court erred in failing to find that a due process violation occurred when the trial court failed to advise Petitioner that he could appeal the sentence imposed pursuant to his guilty plea.
>
> Ground Three: The appellate court erred in failing to find that the trial court violated due process when it refused the plea recommendation and imposed a greater sentence without allowing the petitioner to withdraw his guilty plea.
>
> Ground Four: The state court erred in failing to find that the cumulative error required a reversal of Petitioner's conviction and sentence.
>
> Ground Five:[2] Ineffective assistance of counsel for failing to:
>
> > (A) object to the acceptance of the guilty plea;

---

[1] As discussed below, it appears to the court that, despite a good-faith effort to interpret Burrough's petition (which is not a model of clarity), the state has misinterpreted Burrough's claim in Ground 5(b). Thus, the court's interpretation of Burrough's claims as set forth in this opinion differs from the state's interpretation. As the state has not yet briefed Ground 5(b) as construed in this opinion, the court will set a briefing schedule to give the parties an opportunity to present argument and authority to the court.

[2] In the interest of clarity, the court has adopted the state's idea of adding this ground in order to address Burrough's ineffective assistance counsel claims set forth in Grounds One, Two, Three and Five in a single section.

> (B) advise the petitioner of his right to appeal his sentence;
>
> (C) object to the trial court's imposition of a harsher sentence without, first, allowing the petitioner to withdraw his plea;
>
> (D) advising the petitioner to plead guilty to an illegal sentence under the Mississippi post-release supervision statute MISS. CODE ANN. § 47-7-33 and *Miller v. State*, 875 So.2d 194, 200 (Miss. 2004).

Burrough has exhausted his state court remedies as to the issues raised in the instant petition.

### Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds for relief in the instant petition on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both

subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds for relief in the present petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ground One: Acceptance of Guilty Plea
## Without Establishing a Factual Basis

In Ground One, Burrough argues that during state post-conviction collateral review, the court erred because it did not find a due process violation due to the trial court's acceptance of Burrough's guilty plea without first establishing a factual basis for the plea. "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless, as we held in *Willett* [*v. Georgia*, 608 F.2d 538, 540 (5th Cir.1979)], the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence)." *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir. 1983). Burrough has not argued that he is actually innocent of the charges; indeed, at his plea hearing, he readily admitted, under oath, that he was guilty:

> BY THE COURT: You have heard what the State intends to prove in the event this case would go to trial. Did you do those things?
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: Are you pleading guilty to this charge because you are, in fact, guilty of it?
>
> BY THE DEFENDANT: Yes, sir.

S.C.R., Vol. 2, pg. 7.

In any event, the facts in the record belie Burrough's claim regarding the factual basis of his plea, as the Mississippi Supreme Court found:

> At the guilty plea hearing, the State informed the trial court that it had multiple witnesses whose testimonies would show that Burrough broke into a home and therein stole property. [S.C.R., Vol. 2, pg. 7.] The State also told the trial court that it was prepared to offer testimony that Burrough was interviewed shortly after the alleged crime and admitted to taking the property and disposing of it. [ *Id*.] When

asked by trial court if he did, in fact, do these things which the State intended to prove, Burrough stated, "Yes." [*Id*.].

The record before the Court clearly reveals that the trial court accepted Burrough's voluntarily and intelligently-made plea based on a sufficient evidentiary suggestion of guilty to the charged crime of burglary. Burrough's argument that the trial court accepted his guilty plea without a factual basis is without merit.

*Burrough v. State*, 9 So.3d at 373-374. Given the clear factual basis established in the trial record, in affirming the trial court on this issue, the Mississippi Supreme Court's reached the only rational resolution of the issue available. As such, the decision by the Mississippi Supreme Court was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, the petitioner's claim set forth in Ground One will be dismissed.

### Ground Two: Trial Court's Failure to Advise
### Burrough of His Right to Appeal His Sentence

In Ground Two, Burrough argues that the state court violated his right to due process because the court did not advise Burrough of his right to appeal his sentence imposed on a guilty plea after the trial court rejected the prosecutor's previous recommended sentence. "[T]he failure of the state trial court to advise a convicted defendant of his right to appeal is no violation of constitutional rights *unless it knows or has reason to know that he wishes to appeal and knows or has reason to know that he is an indigent. Johnson v. Wainwright*, 456 F.2d 1200 (5th Cir. 1972) (emphasis added); *Beto v. Martin*, 396 F.2d 432 (5th Cir.1968) ; *Worts v. Dutton*, 395 F.2d 341 (5th Cir. 1968)." *Postel v. Beto*, 508 F.2d 679, 679-680 (5th Cir. 1975). By state statute, Burrough's was not entitled to a direct appeal of his guilty plea. MISS. CODE ANN. § 99-35-101. Under Mississippi common law,

a criminal defendant who pleads guilty may prosecute a direct appeal challenging the *legality of a sentence*. *Trotter v. State*, 554 So.2d 313 (Miss. 1989) (emphasis added).

The state argues that the trial court need not inform Burrough of his right to appeal because his case can be distinguished from *Beto*, *supra*, and its progeny. The state argues that the right Burrough challenges was only a limited one, carved out by case law, to appeal the legality of a sentence imposed after a plea of guilty, rather than a right to seek the direct appeal of a conviction by a jury – all of which relieve the trial court, under any circumstances, from a duty to inform a defendant of his right to appeal. This is a distinction without a difference. Under Mississippi law, Burrough had the right to appeal the legality of his sentence – no matter how circumscribed that right may be – and regardless of the merit of such an appeal. Indeed, under state law, the trial court could take no action to stop or prevent such an appeal. The state has cited no authority to the contrary.

Nonetheless, in the present case, the trial judge did not have the duty to inform Burrough of his right to appeal the legality of his sentence based upon his plea of guilty.[3] The Mississippi Supreme Court held that state law has never required a trial judge to inform a criminal defendant about the right to appeal directly the sentence received based on a guilty plea. *Coleman v. State*, 979 So.2d 731, 733 (Miss. App. 2008)." *Burrough v. State*, 9 So.3d at 374. In addition, as discussed below, the trial court's decision does not deviate from established federal law regarding a court's duty to inform a criminal defendant of his right to appeal.

Federal law imposes upon a trial judge the duty to inform a criminal defendant of his right

---

[3]As discussed below, however, that duty fell to Burrough's trial counsel, and it is not clear in the record whether trial counsel informed Burrough of his right to appeal. While a state court trial judge need not inform any defendant of his right to appeal (including any periods of limitation), doing so may cure counsel's failure to do so.

to appeal only when the defendant is indigent – and when the court knows or has reason to believe that the defendant wishes to appeal. *Beto v. Martin*, 396 F.2d 432 (5th Cir.1968). Burrough was clearly indigent, but the trial court has little reason to believe Burrough intended to appeal – largely because the sentence imposed was the maximum allowed under the criminal statute and thus permitted under Mississippi law. As such, under *Beto*, *supra*, the trial court's failure to advise Burrough of his right to appeal the legality of his sentence did not rise to the level of a constitutional violation. For these reasons, the Mississippi Supreme Court's decision that this claim is without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence presented. Therefore, Burrough's claim for relief in Ground Two of the instant petition must be dismissed.

### Claim Three: Imposition of a Greater Sentence Without Permitting Burrough to Withdraw His Plea of Guilty

In Ground Three, Burrough complains that the trial court violated due process when it rejected the plea agreement negotiated with the state and imposed a greater sentence – without allowing Burrough to first withdraw his guilty plea. "[A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 499 (1971). The present case can be distinguished from *Santobello*. Despite Burrough's allegations, his decision to plead guilty was not based on a belief that he was guaranteed the sentence in the plea recommendation.

Indeed, Burrough was first informed that the trial judge need not honor a plea

recommendation in his petition to plead guilty:

> I also know that the sentence is up to the Court; that the Court is not required to carry out any understanding made by me and my attorney with the District Attorney, and further, that the Court is not required to follow the recommendation of the District Attorney, if any.

S.C.R., Vol. 1, pg. 36.

Then, the trial court told Burrough at his plea hearing, "You expect the State to make a recommendation as to the type of sentence you should receive. Do you understand I don't have to accept that but may instead impose any sentence the law allows?" S.C.R., Vol. 2, pp. 7. Burrough responded, "Yes, sir." S.C.R., Vol. 2, pg. 7. Thereafter, before releasing Burrough on bond pending sentencing the trial judge stated, "Here is the deal. I'm going to leave you out on bond until the 15th. If you violate the law in any way between now and then, I'm not going to accept this recommendation, and I will just sentence you to whatever I think you ought to have." S.C.R., Vol. 2, pg. 9. Burrough again responded, "Yes, sir." S.C.R., Vol. 2, pg. 9.

Burrough did not appear for sentencing on May 15, 2006, and the court issued a bench warrant for his arrest. S.C.R., Vol. 2, pg. 10. At the petitioner's sentencing hearing, the state presented testimony that Burrough was caught stealing tire rims from a wrecker service's property and was arrested for both that violation and the bench warrant. S.C.R., Vol. 2, pp. 12 and 15. There was further testimony that Burrough was stealing this property in order to finance his attempt to flee justice. S.C.R., Vol. 2, pg. 16. After hearing this testimony, Burrough offered the trial court no explanation. S.C.R., Vol. 2, pg. 17. As such, the trial court noted that he had informed Burrough that, if he violated the law again prior to his sentencing, the court would not honor the plea recommendation, and ordered that Petitioner be sentenced to the maximum sentence. S.C.R. ,Vol.

2, pp. 17-18.

In its opinion, the Mississippi Supreme Court provided the following discussion of Burrough's allegation that the trial court improperly rejected the plea agreement and did not allow him to withdraw his guilty plea:

> First, it is well-settled in Mississippi that the imposition of a sentence upon a criminal conviction belongs within the sound discretion of the trial court (not the prosecutor) and generally is not subject to appellate review if it is within the limits prescribed by the applicable statute. *Reynolds v. State*, 585 So.2d 753, 756 (Miss.1991); *Reed v. State*, 536 So.2d 1336, 1339 (Miss.1988); *Boyington v. State*, 389 So.2d 485 (Miss.1980); *Ainsworth v. State*, 304 So.2d 656, 658 (Miss.1974). This includes sentences based on guilty pleas. So long as the judge remains uninvolved in any plea negotiations between the defendant and the State, it will not be reversible error for a trial judge to sentence a defendant to a longer term than that recommended by the State. *Edwards v. State*, 800 So.2d 454, 470 (Miss.2001) (citations omitted).
>
> Secondly, the decision of whether to allow a defendant to withdraw a valid guilty plea also lies within the discretion of the trial court. *Miss. Unif. Cir. & Cty.* R. 8.04(A)(5). A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court. *King v. State*, 738 So.2d 240, 241 (Miss.1999). To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea. *Harris v. State*, 806 So.2d 1127, 1130 (Miss.2002).
>
> The record shows that, prior to accepting Burrough's plea, Judge Morgan thoroughly queried him with regard to the voluntariness of his plea, carefully explained to him that whatever sentencing recommendation the State offered would not have to be accepted by the court, and informed Burrough that the Court instead could impose any sentence allowed by law. [S.C.R., Vol.2, pp. 3-6 and 7-8.] Judge Morgan specifically told Burrough that this particular crime carried with it a minimum of three years and a maximum of twenty-five years in the custody of the Mississippi Department of Corrections. [S.C.R., Vol. 2, pg. 6.] Burrough openly indicated that he fully understood this. [*Id.*] [FN2] He then pleaded guilty to the charge of burglary of a dwelling, and the State offered its recommended sentence. The record does not suggest in the slightest that the trial judge involved himself in any plea-bargaining negotiations that might have occurred between the State and the defendant in this matter.

>    FN2. In his signed plea petition, Burrough acknowledged that he understood a plea of guilty to the crime of burglary of a dwelling house carries with it a possible sentence of three years to twenty-five years imprisonment and that there was no guarantee by the State as to what length the court might impose. [S.C.R., Vol. 1, pg. 36.]
>
> As evinced by both the plea agreement and the plea colloquy, Burrough willfully acknowledged that he fully understood that the State's promise to recommend a sentence carried with it no guarantee that its recommendation would bind the trial court to a particular sentence upon a plea of guilty. Therefore, neither the trial court's decision to sentence Burrough to the maximum amount allowed by Mississippi Code Section 97-17-23, nor its subsequent decision to deny Burrough's plea-withdrawal request, was an abuse of discretion. Burrough's argument with regard to this issue is without merit.

*Burrough v. State*, 9 So.3d at 372-373.

Burrough knew the trial court was not required to abide by the recommendation. The court specifically told Burrough that if he violated the law again, he would receive a harsher sentence than recommended by the state. Burrough nonetheless chose to break the law – this time in an attempt to escape the lenient sentence recommended by the state.

Thus, the state did not violate Burrough's right to due process when the trial judge chose not to accept the plea recommendation. *See Santabello, supra*. As such, the Mississippi Supreme Court's decision that this allegation was without merit was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. Burrough is not entitled to *habeas corpus* relief on Ground Three.

### Ground Four: Cumulative Error

In Ground Four, Burrough argues that cumulative error in his case resulted in a violation of his constitutional rights. Cumulative can be an independent basis for *habeas corpus* relief, but only

where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). In evaluating the sufficiency of a cumulative error charge, meritless claims or claims that are not prejudicial cannot be cumulated, no matter how many the petitioner raises. *Derden*, 978 F.2d at 1461. As the court has found no merit to any of Burrough's claims decided thus far in this opinion, his allegation of cumulative error must be dismissed.[4] Burrough has not shown errors, capable of review, have aggregated to cast doubt upon whether the verdict satisfied due process. Thus, the Mississippi Supreme Court's decision that this claim was without merit[5] was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Burrough's request for *habeas corpus* relief in Ground Four will therefore be dismissed.

---

[4]The court acknowledges that one issue remains to be decided (whether Burrough's attorney failed to inform him of his right to appeal the legality of his sentence). However, one issue cannot form the basis of a cumulative error claim.

[5]In its opinion, the Mississippi Supreme Court did not specifically address Burrough's allegation of cumulative error. The court did, however, address each of Burrough's individual grounds for relief and found them to be without merit and affirmed the trial court 's denial of Burrough's PCR. The "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## Ground Five: Ineffective Assistance of Counsel

In Ground Five, Burrough raises a claim of ineffective assistance of counsel.[6] The U.S. Supreme Court has ruled that such claims are governed by the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim for *habeas corpus* relief based upon ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland* by proving that counsel's performance was constitutionally deficient and that the deficiency resulted in actual prejudice. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). Under the deficiency prong of the test, Burrough must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

---

[6]In the interest of brevity and clarity, the court (as did the state) has changed the layout of the claims in the petition. The court has grouped all of Burrough's ineffective assistance of counsel claims (including those originally in Grounds One, Two and Three) into its discussion of Ground Five.

### Ineffective Assistance Claim in Ground One: Failure of Counsel to Object to Burrough's Guilty Plea Because There Was No Factual Basis for the Plea

As discussed above, after the prosecution's ample proffer of the evidence to be entered against him, Burrough testified under oath that the facts were correct and that he committed the crime with which he was charged. There is no support in the record for the substantive claim underlying the present claim that counsel was ineffective. Indeed, any objection to the acceptance of the guilty plea would have been without merit. Trial counsel cannot be considered deficient in choosing not to raise such an objection. *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.") Further, as trial counsel's actions were proper in this regard, appellate counsel's decision not to raise this issue was also proper. These grounds for relief are wholly without merit and will be dismissed.

### Ineffective Assistance Claim in Ground Two: Counsel Failed Notify Burrough that He Had the Right to Appeal the Legality of His Sentence

The court cannot decide this issue without expanding the record and obtaining additional briefing from the parties. Due to the unclear language contained in Burrough's petition, the state has misinterpreted Burrough's claim in this ground for relief. The state has interpreted this claim as follows: Burrough claims that counsel was ineffective for failing to object when the trial court did not inform him of his right to appeal the legality of his sentence after he pled guilty. Using the liberal reading of the *pro se* petition required under *Haines v. Kerner*, 404 U.S. 519 (1972), the court finds that Burrough's claim is simply that he did not know he had the right to appeal – because neither the trial court nor his attorney informed him of his appellate rights.[7]

---

[7] The state's interpretation of this ineffective assistance of counsel claim was that his attorney did not object to the trial court's failure to inform Burrough that he had a right to appeal.

"Where counsel's failure to advise a criminal defendant of his appellate rights causes the defendant to lose the right to appeal his conviction or sentence, prejudice is presumed, and relief does not depend upon whether the defendant would have been able to raise meritorious issues on appeal." *White v. Johnson*, 180 F.3d 648 (5th Cir. 1999). Any communication between Burrough and his attorney regarding an appeal would be privileged; thus, these communications are not in the record before the court. As such, the record must be supplemented for the court to reach a decision on this issue. By separate order, the court will set a schedule for the state to supplement the record – and for briefing on this issue as construed by the court.

### Ineffective Assistance Claim in Ground Three: Counsel Failed to Object to the Trial Court's Imposition of a Greater Sentence than That Recommended by the State Without Allowing Burrough to First Withdraw His Guilty Plea

In this ground for relief, Burrough refers to trial counsel's decision not to object when the trial court imposed a greater sentence than that set forth in the plea agreement between Burrough and the state. The trial court did not violate Burrough's due process rights; the trial court acted within its discretion in choosing to impose the greater sentence. Indeed, Burrough was clearly informed that if he broke the law prior to sentencing he would face a greater sentence. Burrough nonetheless committed a new crime. There is no merit to the underlying claim; as such, trial counsel's decision not to raise an objection to the trial court's decision was reasonable. *Coleman v. State*, 979 So.2d at 733. This ground for relief is without merit and will be dismissed.

### Ineffective Assistance Claim in Ground Five:

Burrough alleges in Ground Five that defense counsel was ineffective in advising "Petitioner

---

The court has already rejected the claim regarding the trial court's duty to so inform Burrough in a separate discussion *supra*.

to plead guilty to such an illegal term while knowing that post-release supervision under Miss. Code Ann. §47-7-33. *Miller v. State*, 875 So.2d 194, 200 (Miss. 2004)." ecf doc. 1, pg. 6. He continues "[t]his is especially true in an armed robbery conviction where the sentence imposed to be served must be mandatory for the first ten years with a minimum of three years to be imposed." *Id.*[8] As the claim set forth above is unclear, the court referred to Burrough's "Brief for Appellant" in the Mississippi Supreme Court to clarify the claim. In his appellate brief Burrough argued "defense counsel never informed Burrough of the fact that he would not be granted post-conviction release or even that the court may sentence the same as a habitual offender or that his sentence may be illegal; counsel never objected to such term of the sentence." *See* "Brief of Appellant" pg. 22.

The Mississippi Supreme Court, however, noted that "Judge Morgan specifically told Burrough that he was not being sentenced as a habitual offender [S.C.R, Vol. 2, pg. 18]; nor was he so designated in the sentencing order [S.C.R., Vol 1, pg. 64]." *Burrough v. State*, 9 So.3d at 375. The Mississippi Supreme Court further held:

> Finally, with regard to the assertion that defense counsel failed to tell him that he would not receive post-release supervision, the record (once more) discloses that Burrough's defense counsel and the trial judge both thoroughly led him through the plea process to ensure that he understood his plea did not guarantee him either post-release supervision or a particular sentence.

*Id.* The evidence in the record reveals Burrough's claim in Ground Five to be meritless. Trial counsel's decision not to pose meritless objections constituted effective representation. Ground Five of the instant petition for a writ of *habeas corpus* is without merit and will be dismissed.

## Conclusion

---

[8] Burrough clouds the water with his reference to armed robbery (a crime not at issue in the present petition). Burrough pled guilty, not to armed robbery, but to burglary of a dwelling under MISS. CODE ANN. § 97-17-23.

In sum, all of Burrough's grounds for relief in his petition for a writ of *habeas corpus* – except one – will be dismissed with prejudice. By separate order, the court will expand the record and require further briefing on Burrough's claim that counsel failed to inform him of his right to appeal the legality of his sentence. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 3rd day of January, 2011.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**