IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHRISTOPHER JASON BURROUGH, PETITIONER

v. No. 4:09CV117-A-S

WARDEN RAYFORD HORTON, ET AL. RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the petition of Christopher Jason Burrough for a writ of *habeas corpus* under 28 U.S.C. § 2254. In its previous opinion, the court dismissed all grounds for relief except Burrough's claim that his attorney did not inform him that, under Mississippi law, he had a right to appeal his sentence after having pled guilty. The court set a briefing schedule to allow the parties to elaborate on this issue. The state submitted a brief, but Burrough did not. The matter is ripe for resolution. For the reasons set forth below, the final ground of the instant petition will be dismissed for failure to exhaust state remedies.

Given the education level of many inmates, their limited writing experience – and their lack of training in the law – occasionally the state and the court have a different view of the nature of the claims presented in a *pro se* prisoner petition. That is the case with the present petition. The state, quite understandably, interpreted Burrough's claim in Ground Two of his federal petition to be one alleging only that the trial judge failed to inform him that he had the right to appeal the legality of his sentence after pleading guilty. The court, however, under *Haines v. Kerner*, 404 U.S. 519 (1972), gave Burrough the benefit of the doubt and interpreted his claim also to allege that his attorney had failed to inform him of his right to appeal. After all, Ground Two boiled down to a claim that he did not know he could prosecute an appeal because *no one* told him he had the right to do so.

After reviewing the state's brief, the court holds that Burrough has not exhausted the issue of his attorney's ineffectiveness in allegedly failing to instruct Burrough that he could appeal his sentence. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted)). A petitioner's failure to exhaust his claims in state court requires this court to dismiss the instant federal petition. *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose,* 455 U.S. at 518-19).28 U.S.C. §2254 (b)(1) and (c).

The exhaustion requirement will ease any potential friction between state and federal systems in this case – particularly regarding the interpretation of the claim at issue. Although Burrough's claim in his federal petition for a writ of *habeas corpus* is open to interpretation, the corresponding claim in his state application for post-conviction collateral relief is not – especially in light of his acceptance of that interpretation by the various courts reviewing the issue. Burrough's state court claim reads, in relevant part:

> The trial court failed to advise Christopher Jason Burrough that he had no [sic] right to appeal the actions of the Court in the sentence it arrived at in regards to

> the plea. Even upon a plea of guilty the law would allow Burrough a direct appeal
> of the sentence imposed. The trial judge made fundamental error where the Court
> failed to advise Burrough of htis avenue fo review of the sentence in regards to the
> plea of guilty. The law is clear that a defendant who pleads guilty has a right to
> directly appeal the sentence to the Supreme Court. *Trotter v. State*, 554 So.2d
> 313, 86 A.L.R.4th 327 (Miss. 1989).
>
> The law supports the assertion here that the trial court was incorrect in it's [sic]
> failure [sic] provide Burrough with the information regarding appealing the
> sentence to the Supreme Court in view of the controversy surrounding the manner
> in which the court arrived at the sentence. A defendant is not barred from
> appealing by having pleaded guilty. *Neblett v. State*, 75 Miss. 105, 21 So. 799
> (1897); *Jenkins v. State*, 96 Miss. 461, 50 So. 495 (1909).
>
> Thus, the trial court was clearly incorrect, as a matter of law, in advising Burrough
> that there was no right to appeal from the sentence. Petitioner's sentence should
> be vacated for further proceedings.

S.C.R., Vol. 1, pg. 95. The trial court found no merit to any of Burrough's claims raised in the P.C.R. S.C.R., Vol. 1, pg. 151. Likewise, when presented with this same argument, the Mississippi Supreme Court addressed Burrough's assertion as an allegation that the trial court erred in failing to inform Petitioner of his limited right to appeal – and did not address a separate ineffective assistance claim. *Burrough v. State*, 9 So.3d 368, 374 (Miss. 2009). Burrough did not challenge the state court's interpretation of this ground for relief at any point in the review process. As such, the claim has not been presented to the Mississippi Supreme Court for review – and has not been exhausted at the state level. For this reason, the sole remaining claim in the present petition must be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of July, 2011.

                                            /s/ Sharion Aycock
                                            **U.S. DISTRICT JUDGE**